United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | Criminal Case No. 22-20182 |
| ) | |
| Thomas Munne, Defendant ) | |

### Order

This matter is before the Court upon the Government's motion in limine and related notices of intent to introduce evidence under Federal Rule of Evidence 404(b). (**Mot., ECF No. 29**.) The Court heard oral arguments on the Government's motion before trial. For the reasons below and those stated on the record, the Court **grants in part but denies in part** the Government's motion.

1. **Background**

Defendant Thomas Munne is charged with conspiracy to commit a robbery in violation of the Hobbs Act, a Hobbs Act robbery under 18 U.S.C. § 1951(a), and a carjacking under 18 U.S.C. § 2119(1). (Indictment, ECF No. 1.)

In the filing before the Court, the Government seeks approval to introduce evidence that: (1) Munne committed two similar ATM thefts with a person referred to as "E.C."; (2) Munne distributed marijuana with the victim in this case prior to, during, and after the charged conspiracy; (3) Munne committed the offenses because he believed that the victim in this case stole from Munne; (4) Munne intended to use some of the proceeds of the charged robbery to buy cocaine that he would later distribute; and (5) Munne previously partnered with his co-conspirator in this case, referred to as "A.M.L.," to traffic marijuana and commit ATM thefts between 2005 and 2015. (Mot. 1.)

The Government seems to intend on presenting the bulk of this evidence through witness testimony. (Mot. 4.) It says that this evidence is admissible under Rule 404(b) and/or as evidence that is "inextricably intertwined" with the charged offenses. Munne disagrees and says that the Court should not admit the evidence. But if it does, Munne says he should be allowed to enter evidence of A.M.L.'s previously being adjudicated as incompetent to stand trial in a criminal case that occurred between 2005 and 2015.

2. **Discussion**

The Court finds the bulk of the Government's proffered evidence to be

directly relevant given its potential utility in proving the charged offenses. *See* Fed. R. Evid. 401. That is not the case, however, with respect to the evidence concerning the purported ATM thefts that Munne committed with E.C.

Although the Government represents that these alleged ATM thefts may be used to show Munne's intent here, the Court finds the prior alleged thefts to be definitionally distinct from the charged offenses. Despite the fact that both sets of crimes require a person's intentionality, the intent behind committing an ATM theft is not one of causing injury to a *person* as in the case of the charged offenses. As such, the evidence concerning the ATM thefts that Munne allegedly committed alongside E.C. are irrelevant given that they bear no consequence to determining the charged offenses. *See* Fed. R. Evid. 401(b).

However, for the reasons below, the Court finds the remaining evidence to be admissible under Rule 404(b) or as "inextricably intertwined" with the charged offenses.

### A. Evidence Admissible Under Rule 404(b)(2)

For starters, Rule 404(b) disallows using evidence of a person's prior bad act to show his propensity for acting in line with the act. Fed. R. Evid. 404(b)(1). However, it *does* allow using a prior bad act to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

It is clear to the Court that that the following directly goes to Munne's motive in committing the charged offenses: evidence that Munne distributed marijuana with the victim in this case prior to, during, and after the charged conspiracy; evidence that Munne committed the offenses because he believed that the victim in this case stole from Munne; and evidence that Munne intended to use some of the proceeds of the charged robbery to buy cocaine that he would later distribute.

The Court further finds that any undue prejudicial effect is outweighed by the evidence's probative value as discussed below. *See* Fed. R. Evid. 403.

Thus, the above evidence is admissible at trial under Rule 404(b)(2).

### B. Evidence Admissible as "Inextricably Intertwined"

Evidence of a defendant's prior bad act is also admissible if it is "inextricably intertwined with the evidence regarding the charged offense." *United States v. Gay*, 423 Fed. App'x. 873, 876 (11th Cir. 2011) (cleaned up) (quoting *United States v. Jiminez*, 224 F.3d 1243, 1249 (11th Cir. 2000)). That makes evidence of Munne's criminal history with A.M.L. admissible. "Evidence is inextricably intertwined when it tends to corroborate, explain, or provide

necessary context for evidence regarding the charged offense." *Id.*

Courts apply a three-part test to determine whether evidence is admissible as "inextricably intertwined." "First, the evidence must be relevant to an issue other than the defendant's character. Second, the evidence's probative value must not be substantially outweighed by its undue prejudice. And finally, the government must offer sufficient proof so that the jury could find that defendant committed the act." *Id.* (cleaned up).

As to the first of these factors, the Government proffers evidence of Munne's previous criminal partnership with A.M.L. not to prove Munne's character but because the evidence is "critical to understanding why MUNNE chose A.M.L. to commit the charged offenses on MUNNE's behalf." (Reply 2, ECF No. 40.) The Government says that the evidence of the two's "long-standing relationship of joint criminal ventures" contextualizes why Munne chose A.M.L. to be his co-conspirator here. "Only through evidence establishing a long-standing relationship of joint criminal ventures does MUNNE's selection of A.M.L.—a man who lived in California for several years and had no connection to the Miami-based victim—to kidnap, carjack, and commit an armed home invasion robbery of that unknown victim make sense." (*Id.*) The Court agrees and finds that this evidence will be helpful to the jury in understanding the full picture of the charges presented.

Yet, to safeguard against undue prejudice to Munne, if A.M.L. is to testify to the number of ATM thefts that he allegedly committed with Munne, the Court finds it prudent to limit A.M.L.'s testimony to indicating that he and Munne allegedly committed "more than five" ATM thefts. The Court instructs the Government to limit A.M.L.'s testimony accordingly.

*Second*, the Court finds that the proffered evidence's probative value will not be outweighed by any risk of undue prejudice. Exclusion for risk of prejudice under Rule 403 "is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *United States v. Griffin*, 783 Fed. App'x 881, 883 (11th Cir. 2019). Munne may, of course, request that the Court issue a limiting instruction to set-off any prejudicial effect. These rulings concerning Rule 403 apply not only to the above evidence that is "inextricably intertwined" with the charged offenses, but also to that which the Court deems admissible under Rule 404(b)(2).

*Third*, the Government's burden for proving these prior bad acts is a preponderance of the evidence. *See Griffin*, 783 Fed. App'x at 884. Munne suggests that this showing requires a governmental investigation or formalized charge but that is wrong. "A singe witness's uncorroborated testimony can provide an adequate basis for a jury to find that the prior act occurred." *Id.*

Thus, A.M.L.'s testimony, for example, may suffice to establish any or all of the prior acts deemed admissible here, even if they went uncharged. Integral to the jury's basis for evaluating any testimony from A.M.L., though, would be his credibility. On that basis, the Court agrees with Munne that if A.M.L. testifies as to Munne's prior bad acts, Munne should have the opportunity to present evidence of A.M.L.'s adjudication of incompetency, and the corresponding psychological evaluations, rendered during the timeframe of the relevant bad acts. (ECF No. 34 at 4-5.)

For these reasons, evidence of Munne's criminal history with A.M.L. is admissible as well.

### 3. Conclusion

Accordingly, the Court **grants in part but denies in part** the Government's motion (**ECF No. 29**). The Court also grants Munne's request that he be allowed to admit evidence of A.M.L.'s adjudication of incompetency.

**Done and ordered**, in Miami, Florida, on October 11, 2022.

_____
Robert N. Scola, Jr.
United States District Judge