United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) ) Criminal Case No. 22-20182-CR-Scola |
| Thomas Munne, Defendant. | ) ) ) |

**Order Denying Motion for Sentence Reduction**

This matter is before the Court on the Defendant Thomas Munne's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 97.) The Government has responded opposing Munne's motion. (Resp., ECF No. 99.) Munne has not replied, and the time to do so has passed. After careful consideration of the parties' written submissions, the record, and the legal authorities, the Court **denies** Munne's motion for reduction of sentence. (**Mot., ECF No. 97**.)

1. **Background**

On May 3, 2022, a federal grand jury indicted Munne with conspiracy to commit Hobbs Act robbery (Count One), aiding and abetting Hobbs Act robbery (Count Two), and carjacking (Count Three). (ECF No. 1.) In October 2022, Munne proceeded to trial. On October 13, 2022, the jury convicted Munne of conspiracy to commit Hobbs Act robbery (Count One) and aiding and abetting Hobbs Act robbery (Count Two), and acquitted Munne of carjacking (Count Three). (ECF No. 58.)

Ahead of Munne's sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSI"). After considering Munne's objections to the PSI, the Court ultimately determined that Munne had a total offense level of 35, a criminal history category of I, and an advisory guideline range of 168-210 months. (*See* Sentencing Tr. 8–9, ECF No. 85.) On January 3, 2023, the Court sentenced Munne to 168 months in prison, followed by three years of supervised release. (J. 2-3, ECF No. 75.) As of the filing of his motion, Munne had served about 13% of his sentence.

Since Munne was sentenced, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders, which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant

offense did not involve specified aggravating factors" ("Amendment 821"). Munne now seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 168 months in prison and three years of supervised release.

## 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). In addition, although Amendment 821 went into effect on November 1, 2023, the policy statement "delays the effective date of orders reducing a defendant's term of imprisonment to a date no earlier than February 1, 2024." U.S.S.G. § 1B1.10 cmt. n. 7. In other words, if a defendant is scheduled for release before February 1, 2024, he is not entitled to relief under Amendment 821.

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical

care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

#### A. The Court lacks jurisdiction to rule on Munne's motion.

On January 13, 2023, Munne filed a notice of appeal to the Eleventh Circuit from the jury's October 13, 2022, verdict and the Court's January 3, 2023, judgment. (ECF No. 76.) Munne's appeal, which involves various aspects of his case, including his sentence generally, is currently pending. Accordingly, the Court lacks jurisdiction to rule on Munne's motion. As the Eleventh Circuit has unequivocally explained, "the filing of an appeal of virtually any sort acts to freeze all proceedings in the district court pending resolution of the appeal." *Shewchun v. United States*, 797 F.2d 941, 942 (11th Cir. 1986). Notably, Munne admits that the Court lacks jurisdiction to grant him a sentence reduction at this time, clarifying in his motion that "due to the Court's lack of jurisdiction in this matter due to the pending appeal, th[e] [m]otion is being filed to preserve th[e] issue[.]" (*See* Mot. 3, ECF No. 97.) Thus, the Court denies Munne's motion because it does not have jurisdiction to grant Munne's requested relief or otherwise modify his sentence while the appeal is pending.

#### B. Munne is not eligible for a sentence reduction.

Even if the Court had jurisdiction to grant Munne's request for a sentence reduction, however, it would not do so, as Munne does not meet all the necessary criteria. As noted, the retroactive amendment that Munne invokes here is Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Pursuant to Amendment 821, a defendant is eligible for a two-level reduction in his offense level, if he meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial

>hardship;
>(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
>(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
>(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*See id.*

Here, Munne plainly fails to meet requirement number seven—*i.e.*, that he "did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense[.]" *See id.* The evidence developed at trial, as acknowledged by the Court at sentencing, establishes that Munne clearly planned for and induced his co-conspirator to obtain a gun to carry out the armed abduction and robbery which forms that factual basis for Munne's criminal case. (*See* Trial Trs., ECF Nos. 81, 82.) Indeed, Munne's co-conspirator specifically testified at trial that they "discussed the fact that [he] w[as] going to bring a gun" to commit the crime and that Munne "told [him] to get a gun from somebody else." (*See* Oct. 12, 2023, Trial Tr. 46, ECF No. 82.) In addition, at sentencing, the Court specifically noted that Munne's "coconspirator possessed a firearm, and the trial testimony showed that [Munne] was aware of the firearm." (*See* Sentencing Tr. 8, ECF No. 85.) Thus, because Munne plainly does not satisfy all the requisite criteria for a two-level reduction in his offense level, his motion must be denied.

Moreover, because Munne does not qualify for a reduction pursuant to Amendment 821, the Court declines to reach the second step of the analysis to consider the § 3553(a) factors.

### 4. Conclusion

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that Munne's motion for reduction of sentence is **denied**. (**Mot., ECF No. 97**.)

**Done and ordered** at Miami, Florida on December 6, 2023.

Robert N. Scola, Jr.
United States District Judge