United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America | ) |
| v. | ) ) ) Criminal Case No. 22-20182 |
| Thomas Munne, Defendant | ) |

### Order Denying Motion for Sentence Reduction

    This matter is before the Court on the Defendant Thomas Munne's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).[1] (Mot., ECF No. 103.) Munne requests a two-level reduction in sentence based on Amendment 821—the adjustment for certain zero-point offenders. (*Id.*) The Government responded opposing Munne's motion. (ECF No. 104.) Munne has not replied, and the time to do so has passed. After careful consideration of the motion, the record, and the legal authorities, the Court **denies** the motion. (**Mot., ECF No. 103**.)

**1. Background**

    On May 3, 2022, a federal grand jury indicted Munne with conspiracy to commit Hobbs Act robbery (Count One), aiding and abetting Hobbs Act robbery (Count Two), and carjacking (Count Three). (ECF No. 1.) In October 2022, Munne proceeded to trial. On October 13, 2022, the jury convicted Munne of conspiracy to commit Hobbs Act robbery (Count One) and aiding and abetting Hobbs Act robbery (Count Two), and acquitted Munne of carjacking (Count Three). (ECF No. 58.)

    Ahead of Munne's sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSI"). After considering Munne's objections to the PSI, the Court ultimately determined that Munne had a total offense level of 35, a criminal history category of I, and an advisory guideline range of 168-210 months. (See Sentencing Tr. 8–9, ECF No. 85.) On January 3, 2023, the Court sentenced Munne to 168 months in prison, followed by three years of supervised release. (J. 2-3, ECF No. 75.)

    Since Munne was sentenced, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders, which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors" ("Amendment 821"). Munne

---

[1] Munne wrote a letter to the Court inquiring if he qualifies to benefit from "the new law… Retroactive Application of Amendment 821 Zero Point Offender." (ECF No. 103.) The Court has construed this as a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

now seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 168 months in prison and three years of supervised release.

## 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). However, if the downward deviation from the guideline range was pursuant to a government motion based on substantial assistance, then a comparable reduction in sentence may be appropriate. U.S.S.G. § 1B1.10(b)(2)(B).

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any

pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

As noted, the retroactive amendment that Munne invokes here is Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Pursuant to Amendment 821, a defendant is eligible for a two-level reduction in his offense level, if he meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*See id.*

Here, as this Court previously held (ECF No. 100), Munne plainly fails to meet requirements number seven—*i.e.*, that he "did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense[.]" *See id.* The evidence developed at trial, as acknowledged by the Court at sentencing, establishes that Munne clearly planned for and induced his co-conspirator to obtain a gun to carry out the armed abduction and robbery which forms that factual basis for Munne's criminal case. (*See* Trial Trs., ECF Nos. 81, 82.) Indeed, Munne's co-conspirator specifically testified at trial that

they "discussed the fact that [he] w[as] going to bring a gun" to commit the crime and that Munne "told [him] to get a gun from somebody else." (*See* Oct. 12, 2023, Trial Tr. 46, ECF No. 82.) In addition, at sentencing, the Court specifically noted that Munne's "coconspirator possessed a firearm, and the trial testimony showed that [Munne] was aware of the firearm." (*See* Sentencing Tr. 8, ECF No. 85.) Thus, because Munne plainly does not satisfy all the requisite criteria for a two-level reduction in his offense level, his motion must be denied. Moreover, because Munne does not qualify for a reduction pursuant to Amendment 821, the Court declines to reach the second step of the analysis to consider the § 3553(a) factors.

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that Munne's motion for reduction of sentence is **denied. (Mot., ECF No. 103**.)

**Done and ordered** at Miami, Florida on February 26, 2025.

Robert N. Scola, Jr.
United States District Judge